DAVIS,. Judge,
with whom MOORMAN, Judge, joins, concurring:
We concur. In Padgett v. Nicholson, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) recognized the general rule that a veteran’s claim for benefits ends with his death and held that if Mrs. Padgett could not be substituted for her deceased husband in his appeal, nunc pro tunc relief would be inappropriate. 473 F.3d 1364, 1370 (Fed.Cir.2007). In reaching its conclusion, the Federal Circuit noted that the Supreme Court’s practice of “ ‘dealing-with a civil cáse ... which has become moot .., pending [a] decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.’ ” Id. (quoting U.S. v. Munsingwear, Inc,, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950) (first ellipsis in original)). Reversal or vacatur “ ‘clears the path for future relitigation of the issues between the parties and eliminates á judgment, review of which was prevented through happenstance.’ ” Id. (quoting *228 Munsingwear, 340 U.S. at 40, 71 S.Ct. 104).
Here, Mr. Leavey died prior to the Court’s issuance of the opinion and Mrs. Leavey has stated that she does not wish to be substituted in the appeal. Although the en banc Court has invested a tremendous amount of judicial resources into resolving this matter and has written and issued an opinion, because Mrs. ■ Leavey does not wish to pursue the matter as a party appellant, Munsingwear and Pad-gett counsel us to withdraw the en banc decision, vacate the Board decision, and dismiss this appeal.